# Jacob Westhaeffer, Appellant, *v.* Lebanon & Annville Street Railway Co.

*Street railways—Embankment—Injunction—Equity—Laches.*

Where a bill in equity against a street railway company charges the company with constructing an embankment in front of plaintiff's premises, and obstructing the approach to his house, and prays an injunction to restrain the operation of the road, and that the embankment be removed, and for general relief, the bill cannot be dismissed on demurrer because it discloses delay on part of plaintiff in seeking relief.

If it be conceded that upon final hearing he might be denied the injunction because of laches, he might yet be entitled to relief against the mode of construction adopted by defendant, and to such restoration of the former grade as might be necessary to restore. to him safe and convenient access to his own home.

Argued Feb. 14, 1894. Appeal, No. 327, Jan. T., 1894, by plaintiff, from decree of C. P. Lebanon Co., Equity Docket No. 10, dismissing bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ. Reversed.

Bill in equity to restrain defendant from maintaining embankment in street in front of plaintiff's premises.

The bill, filed Nov. 28, 1892, averred that defendant company was incorporated Sept. 12, 1890, and located its railway on a road in front of plaintiff's premises in March, 1891, and constructed it in front of plaintiff's land in July, 1891, and that cars were begun to be run on Dec. 1, 1891 ; that in the construction of the railway the company raised an embankment in the road, and obstructed the approach to plaintiff's house. The prayers of the bill were as follows: (1) That defendant be restrained by injunction from operating any car by electricity or otherwise on, upon and over the line of the said railway, immediately in front of .plaintiff's lot. (2) That defendant be commanded, directed and enjoined to at once abate and remove the said railway, its embankment, ties, rails and fittings, poles and wires, where the same are located and in position on the said Berks and Dauphin turnpike road, in front of and along plaintiff's lot as complained of, and to leave the said turnpike road in as good condition, repair and shape, and the plaintiff's

facilities for coming and going to and from his lot, by way of the said turnpike road, at the said place, as they were before the said railway was constructed. (3) General relief. Defendant demurred on the ground of laches.

The court sustained the demurrer and dismissed the bill in an opinion by McPHERSON, J., citing 10 A. & E. Ency. L. 802; 12 Ib. 533, et seq.; High, Inj. § 397; 2 Story, Eq. Jur., 12th ed. § 1520, ad finem; Smith v. Thompson, 54 Am. Dec. 130, note; Bigelow, Estoppel, 2d ed. 508; Galliber v. Caldwell, 145 U. S. 368; Parker v. Spillin, 10 Phila. 8; Seal v. Ry., 1 Pears. 547; Carr v. Wallace, 7 Watts, 394; Arnold v. Cornman, 50 Pa. 361; R. R. v. McLanahan, 59 Pa. 41; Chapman v. Chapman, 69 Pa. 214; Putnam v. Tyler, 117 Pa. 570; Thompson's Ap., 126 Pa. 373; Schuey v. Schaeffer, 130 Pa. 22; Logan v. Gardner, 136 Pa. 600, and 142 Pa. 442. [See 3 Dist. R. 56.]

*Error assigned* was above decree.

*Bassler Boyer*, for appellant.

*C. H. Killinger, S. P. Light* with him, for appellee.

OPINION BY MR. JUSTICE WILLIAMS, July 12, 1894:

Several important questions have been discussed in this case that are not necessary to its decision. Some of them involve consequences too far reaching to justify us in entering upon them until their decision becomes a duty. We turn at once therefore to the question on which this appeal really depends. The plaintiff is a lot owner on the line of the Berks and Dauphin turnpike, in the township of South Annville, Lebanon county. The defendant is an electric street railway company incorporated under the act of 1889. It located its line of railway along the line of the turnpike from Avon to Annville, passing through the township of South Annville, and in front of the premises of the plaintiff.

The bill charges that the rails of this road were laid by the defendant on the south side of the turnpike at a distance of seven feet from the fences of the landowners along that side of the turnpike; that in front of the premises of the plaintiff the grade of the surface was raised and a perpendicular embank-

ment or wall, made of slag and stone, built near the south side of the track, on which the rails were laid; that this embankment so near his yard fence and gates practically and seriously obstructs access to his gates and his house, and renders approach thereto both difficult and dangerous. Upon these facts he asks that the defendant may be enjoined from operating its road in front of his premises; that it be required to remove its embankment, ties, rails and fittings, and restore the surface to its former condition; and for general relief, which means such relief as his case may fairly require. The defendant demurred, thus admitting the facts, and denying that they gave the plaintiff any cause of complaint in a court of equity. The learned judge of the court below sustained the demurrer on the ground that as it appeared from the plaintiff's bill that the defendant's railroad was completed and in operation before the bill was filed, the plaintiff was estopped by his delay from alleging that he was unlawfully injured by the change of grade. The injunction was refused and the bill dismissed for this reason. The learned judge said that the delay by the plaintiff was fatal to him and that he had " lost his right to the equitable remedy by injunction, and since his bill asks for no other relief it would be a waste of time to go further into the matter."

But the plaintiff did ask for other relief than by injunction against the operation of defendant's road. He asked for the removal of the embankment, and the restoration of the surface to its original condition. He also asked, in his prayer for general relief, for whatever form of relief a chancellor might think his case required.

If it be conceded that upon final hearing he might be denied the injunction because of laches, he might yet be entitled to relief against the mode of construction adopted by the defendant, and to such restoration of the former grade as might be necessary to restore to him safe and convenient access to his own home. The cases cited by the learned judge upon the subject of estoppel are not applicable upon the facts of this case, unless it be to the prayer for an injunction against the operation of the defendant's road. But the specific injury complained of is the embankment and its effect in obstructing access to the plaintiff's house and grounds. This is alleged to be an unauthorized and illegal obstruction maintained by the defendant.

The demurrer admits this.  If the defendant was encouraged to expend money in the erection of the embankment by the words or acts of the plaintiff a question of estoppel might be raised: Logan v. Gardner, 136 Pa. 588.  But if the defendant erected it in accordance with its general plan of construction without regard to the wishes or conduct of the plaintiff, then no element of estoppel exists in the case so far as this subject is concerned.  If the fact is that the defendant was invited or encouraged to erect this embankment by the plaintiff, that fact must be alleged in an answer and sustained by proof.  If this is not successfully done, the defendants must justify their conduct in the change of the grade of the street, and thereby obstructing access to the premises of the plaintiff, on some other ground, or remove the obstruction in such manner as the court may direct.

The decree appealed from is reversed, the record remitted and the defendant is ordered to answer.  The costs of this appeal to be paid by the appellee.